J-A11030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| LARRY N. SCHWAB | |
| Appellee | No. 1896 MDA 2016 |

Appeal from the Suppression Order October 19, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002166-2016

BEFORE: SHOGAN, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED AUGUST 24, 2017**

The Commonwealth appeals from the October 19, 2016 order entered in the Berks County Court of Common Pleas granting Appellee Larry N. Schwab's motion to suppress the results of a warrantless blood test.[1] Because we conclude that the trial court did not err in granting Schwab's motion to suppress the evidence, we affirm.

The trial court set forth the following facts:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] In its notice of appeal, the Commonwealth certified that the trial court's order granting Schwab's motion to suppress terminates or substantially handicaps the prosecution. **See** Pa.R.A.P. 311(d) (permitting interlocutory appeal where Commonwealth certifies with its notice of appeal that order terminates or substantially handicaps prosecution). Thus, the appeal is properly before us. **See Commonwealth v. Ivy**, 146 A.3d 241, 244 n.2 (Pa.Super. 2016).

1. On or about Wednesday, February 3, 2016, Defendant, Larry Schwab, was placed under arrest for suspicion of driving under the influence.

2. [Schwab] was transported to the Reading Hospital Medical Center for chemical blood testing.

3. Officer Mark McCreary read the Pennsylvania Department of Transportation DL-26 form to [Schwab], informing [Schwab] of the possible civil and criminal penalties associated with a chemical test refusal.

4. [Schwab] did submit to chemical testing.

5. [Schwab] did sign the DL-26 form in the presence of Officer McCreary.

6. The document marked as Commonwealth's Exhibit 2 is a true and correct copy of the above-referenced DL-26 form.

Findings of Fact and Conclusions of Law in Disposition of Defendant's Omnibus Pretrial Motion, 10/19/16, at 2-3 ("Suppression Op.").

The DL-26 form read to and signed by Schwab warned that:

If you refuse to submit to the chemical test, your operating privilege will be suspended for at least 12 months. If you previously refused a chemical test or were previously convicted of driving under the influence, you will be suspended for up to 18 months. **In addition, if you refuse to submit to the chemical test, and you are convicted of violating Section 3802(a)(1) (relating to impaired driving) of the Vehicle Code, then, because of your refusal, you will be subject to more severe penalties set forth in Section 3804(c) (relating to penalties) of the Vehicle Code. These are the same penalties that would be imposed if you were convicted of driving with the highest rate of alcohol, which include a minimum of 72 consecutive hours in jail and a minimum fine of $1,000.00, up to a maximum of five years in jail and a maximum fine of $10,000.**

Cmwlth.'s Br. in Opposition to Defendant's Motion for Suppression at Ex. 2 (emphasis added).

On February 26, 2016, Schwab was charged with DUI (controlled substance), 75 Pa.C.S. § 3802(d)(2).[2] On July 18, 2016, Schwab filed an omnibus pre-trial motion arguing, among other things, that the trial court should suppress the blood test results because he did not knowingly and intelligently consent to the blood draw. On September 2, 2016, the trial court conducted a hearing and, on October 19, 2016, it granted Schwab's motion to suppress the blood test results. The Commonwealth filed a timely notice of appeal.

The Commonwealth raises the following issues on appeal:

> A. Did the trial court err in suppressing evidence of [Schwab's] blood test results pursuant to **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) in a drug-related DUI prosecution, where blood testing is the only available method in Pennsylvania to determine whether a suspect is driving under the influence of a controlled substance, and thus the Pennsylvania implied consent statute is wholly enforceable?

> B. Did the trial court err in suppressing evidence of [Schwab's] blood test results pursuant to **Birchfield v. North Dakota**, ___ U.S. ___, 136 S.Ct. 2160, 195 L.Ed.2d 560 (2016) in a drug-related DUI prosecution, where the potential penalties listed on the DL-26 form properly reflected the penalties related to drug-related DUI

_____

[2] Schwab also was charged with possession of drug paraphernalia and possession of a controlled substance. 35 P.S. §§ 780-113(a)(32) and 780-113(a)(16), respectively.

convictions, rendering the consent to the blood draw voluntary?

Cmwlth.'s Br. at 4 (full capitalization, trial court answers, and suggested answers omitted).

When reviewing the grant of a suppression motion, we must determine whether the record supports the trial court's factual findings and "whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Brown*, 64 A.3d 1101, 1104 (Pa.Super. 2013) (quoting *Commonwealth v. Cauley*, 10 A.3d 321, 325 (Pa.Super. 2010)). We may only consider evidence presented at the suppression hearing. *In re L.J.*, 79 A.3d 1073, 1085-87 (Pa. 2013). In addition, because the defendant prevailed on this issue before the suppression court, we consider only the defendant's evidence and so much of the Commonwealth's evidence "as remains uncontradicted when read in the context of the record as a whole." *Brown*, 64 A.3d at 1104 (quoting *Cauley*, 10 A.3d at 325). We may reverse only if the legal conclusions drawn from the facts are in error. *Id.*

In *Commonwealth v. Ennels*, ___ A.3d ____, 2017 WL 2954227 (Pa.Super. July 11, 2017), this Court recently addressed arguments identical to those raised by the Commonwealth here. In *Ennels*, we reached the following two dispositive conclusions: (1) "No matter the substance suspected of affecting a particular DUI arrestee, *Birchfield* requires that a blood test be authorized either by a warrant (or case-specific emergency), or by individual consent not based on the pain of criminal consequences," *id.*, at * 5; and (2) "Under the totality of the circumstances, a reasonable person

- 4 -

would believe that the enhanced penalties [warned of in the DL-26 form][3] applied if he refused the chemical test and later was convicted, regardless of whether he was convicted of an alcohol-related DUI or a drug-related DUI," *id.* at *7.

Here, **Ennels** compels the conclusion that **Birchfield** applies regardless of whether an arrestee is suspected of driving under the influence of alcohol or of a controlled substance. Further, as in **Ennels**, we conclude that the trial court did not err in finding that, under the totality of the circumstances, Schwab's consent was involuntary because it was obtained following an impermissible threat that he would face increased penalties if he refused to consent and later was convicted. Accordingly, we conclude that the trial court did not err in granting Schwab's motion to suppress the blood test results.

_____

[3] This Court has observed that Pennsylvania's implied-consent law "impose[s] criminal penalties on the refusal to submit to" a blood test in contravention of **Birchfield**. **Commonwealth v. Evans**, 153 A.3d 323, 331 (Pa.Super. 2016) (quoting **Birchfield**, 136 S.Ct at 2185-86). The Vehicle Code provides that an individual convicted of DUI (general impairment) who refused to submit to a blood test shall be subject to the same minimum sentence and minimum and maximum fines as someone convicted of DUI (highest rate) and DUI (controlled substances). 75 Pa.C.S § 3804(c).

Order affirmed.

Judge Shogan joins the memorandum.

President Judge Emeritus Stevens files a dissenting memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2017